EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>Enmienda a la Regla 12 (f) del Reglamento del Tribunal Supremo sobre admisión por cortesía | 2015 TSPR 82<br><br>193 DPR ____ |

Número del Caso: ER-2015-4

Fecha: 23 de junio de 2015

Materia: Resolución del Tribunal con Votos Particulares de Conformidad

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Enmienda a la Regla 12(f)
del Reglamento del Tribunal         ER-2015-4
Supremo sobre admisión por
cortesía

RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de junio de 2015.

La admisión por cortesía, también conocida por su término en latín *pro hac vice*, se refiere a un permiso que se le da a un abogado o abogada no admitida a la práctica de la profesión en un foro para participar en un caso específico en esa jurisdicción.[1] En Puerto Rico, a principios del siglo XX, la Asamblea Legislativa aprobó un estatuto para conferir al Tribunal Supremo la facultad de admitir abogados y abogadas de buena reputación que ejercieran en alguna otra jurisdicción de Estados Unidos para que comparecieran ante nuestros tribunales en casos especiales. En 1946 se incorporó finalmente una norma al Reglamento del Tribunal Supremo para regular la admisión por cortesía.

Esta norma ha sufrido cambios a través de los años para atemperarla a las exigencias de nuestra sociedad y de la profesión legal. Las modificaciones se han realizado para añadirle requisitos que las personas solicitantes deben cumplir y para hacer la Regla más específica. Actualmente, la Regla 12(f) del Reglamento del Tribunal Supremo vigente, adoptado en el 2011, regula este tipo de admisión en nuestra jurisdicción.

---

[1] Black´s Law Dictionary, 1331 (19th ed. 2009).

Recientemente, la cantidad de solicitudes de admisión por cortesía a la práctica de la profesión en nuestra jurisdicción ha aumentado significativamente y se están presentando situaciones nuevas que la normativa actual no contempla. En vista de ello, el Secretariado de la Conferencia Judicial y Notarial nos presentó recientemente un informe que recoge un análisis comparativo sobre las normas y los requisitos para las admisiones por cortesía en otras jurisdicciones.

Luego de un riguroso estudio del Informe presentado por el Secretariado y de la Regla Modelo sobre admisión *pro hac vice* de la American Bar Association, y con el propósito de atender las solicitudes de admisión por cortesía con mayor efectividad, se enmienda la Regla 12(f) para que lea de la siguiente manera:

(f) Admisión por cortesía

1. Cualquier persona admitida al ejercicio de la abogacía en una jurisdicción estadounidense podrá solicitar ser autorizada por cortesía por este Tribunal para postular como abogado o abogada en Puerto Rico en casos especiales ante los tribunales, agencias administrativas y procedimientos sobre métodos alternos de resolución de disputas, incluyendo procesos de arbitraje.

Las solicitudes debidamente presentadas serán concedidas por la Secretaria o Secretario del Tribunal, salvo que la cantidad de solicitudes presentadas por la persona solicitante demuestre que en realidad se encuentra practicando la abogacía de forma regular en Puerto Rico. A estos fines, cuando una persona presente seis solicitudes o más en un periodo de un año, o presenta una solicitud cuando ya está admitido por cortesía para comparecer en cinco casos que permanecen activos, el Tribunal tomará en consideración los siguientes criterios para determinar si concede la solicitud:

    a. la escasez de abogados y abogadas locales que cuenten con conocimiento especializado sobre el asunto del caso;

    b. la complejidad del asunto del caso sobre el cual la persona solicitante es especialista;

    c. la existencia de una relación prolongada de abogado-cliente;

    d. la existencia de cuestiones legales propias de la jurisdicción donde el abogado regularmente practica;

e.  la necesidad de un descubrimiento de prueba amplio y completo en la jurisdicción donde la persona solicitante practica;

f.  cualquier circunstancia que afecte el bienestar personal y financiero del cliente.

2. La solicitud deberá ser endosada por una persona debidamente admitida al ejercicio de la abogacía por este Tribunal, quien dará fe de la capacidad de la persona solicitante para postular como abogado o abogada en el caso correspondiente. El abogado o abogada que endose la solicitud también deberá:

a)  aparecer como abogado o abogada de récord en el caso correspondiente junto con la persona solicitante;

b)  firmar cualquier alegación, moción o documento que se prepare con relación al caso correspondiente;

c)  ser notificado de todos los procesos, alegaciones, mociones y otros documentos que se notifiquen a la persona solicitante.

d)  acompañar a la persona que sea admitida por cortesía cada vez que esta postule o participe en una deposición o en cualquier otro procedimiento relacionado con el caso correspondiente, salvo que sea excusado por el foro que atiende el caso.

La persona solicitante y el abogado o abogada endosante deberán suscribir la solicitud de admisión por cortesía.

Se deberá unir a la solicitud un certificado expedido por el más alto tribunal de cada una de las jurisdicciones de Estados Unidos de América en las cuales la persona solicitante esté admitida al ejercicio de la profesión. El certificado hará constar el hecho de su admisión y que la persona solicitante se mantiene debidamente acreditada y activa a la fecha del certificado. Este certificado debe haberse expedido dentro de los noventa días previos a la presentación de la solicitud. La persona solicitante no deberá estar desaforada ni suspendida de jurisdicción alguna. Además, la admisión del abogado o la abogada endosante deberá estar debidamente acreditada en Puerto Rico, independientemente de que ejerza la profesión principalmente en otra jurisdicción.

La persona solicitante deberá informar si alguna autoridad disciplinaria competente en cualquiera de las jurisdicciones a las que está admitido ha iniciado algún proceso disciplinario en su contra dentro de los últimos cinco años. Asimismo, deberá informar si, en algún momento, ha sido disciplinado o suspendido de la práctica de la abogacía en alguna jurisdicción. En su informe, el solicitante deberá detallar: la agencia u organismo promovente, el número del caso, las causas y el estado actual o resultado del procedimiento.

También deberá informar si alguna jurisdicción estadounidense le ha negado la admisión por cortesía durante los últimos cinco años. Este deber incluye el de divulgar la jurisdicción y las razones expuestas por la entidad encargada de admitir al ejercicio de la abogacía para negar la solicitud. Asimismo, deberá informar las solicitudes de admisión por cortesía que haya presentado ante este Tribunal durante los pasados dos años. Esto incluye divulgar el caso correspondiente a cada una, la fecha de la solicitud y la determinación de este Tribunal. La persona que presenta la solicitud de admisión por cortesía debe certificar que está familiarizada con las reglas procesales y éticas de Puerto Rico. Los abogados suscribientes deberán certificar que la información provista es, a su mejor juicio, cierta y correcta.

La solicitud de admisión por cortesía deberá incluir sellos de rentas internas por un valor de ochocientos dólares salvo que el Tribunal autorice una dispensa por tratarse de un caso pro bono o por justa causa. La solicitud estará exenta del pago de aranceles cuando un abogado o una abogada de las clínicas de asistencia legal de una escuela de derecho, de Pro-Bono Inc. del Colegio de Abogados de Puerto Rico, de Servicios Legales de Puerto Rico, Inc. o de la Sociedad para Asistencia Legal de Puerto Rico endosa la solicitud de admisión por cortesía para proveer servicios legales pro bono a través de dicha entidad. Si el Tribunal determina denegar la solicitud de admisión por cortesía, no se reembolsará la tasa pagada.

3. Si se autoriza la admisión por cortesía, la persona solicitante quedará automáticamente sometida a la jurisdicción disciplinaria del Tribunal Supremo de Puerto Rico y tendrá el deber de actualizar de forma continua la información provista en la solicitud. La persona solicitante, así como el abogado o la abogada endosante, serán responsables ante su cliente y el foro.

4. El Secretario o la Secretaria del Tribunal llevará un registro de las admisiones por cortesía

concedidas. El registro contendrá el nombre de la persona admitida por cortesía, el nombre del abogado o abogada endosante, la fecha de la solicitud y de la otorgación del permiso. Además, incluirá el nombre de las partes, número del caso y el foro en el que se ventila el procedimiento para el cual el solicitante fue admitido.

5. No será necesario que una persona no admitida al ejercicio de la abogacía en Puerto Rico solicite admisión por cortesía cuando solamente:

a. preste servicios legales en Puerto Rico en conexión o en ayuda a procedimientos que se estén llevando a cabo en otras jurisdicciones en las que la persona está debidamente admitida al ejercicio de la abogacía;

b. consulte con una persona admitida al ejercicio de la abogacía en Puerto Rico con relación a procedimientos pendientes o potenciales en los que un cliente de este último es parte;

c. consulte con una persona en Puerto Rico, que esté considerando ser o sea parte en un procedimiento en cualquier jurisdicción estadounidense, sobre la posibilidad de contratar sus servicios para ese procedimiento, siempre y cuando la consulta surja a petición del cliente potencial;

d. brinde servicios legales en Puerto Rico a nombre de un cliente en preparación para un procedimiento a presentarse en Puerto Rico, siempre y cuando tenga la creencia razonable de que es elegible para ser admitida por cortesía en Puerto Rico;

e. brinde servicios legales a un cliente o cliente potencial en Puerto Rico en preparación para un procedimiento a presentarse fuera de Puerto Rico, siempre y cuando tenga la creencia razonable de que es elegible para ser admitida en la jurisdicción donde se espera que se presente el pleito; o

f. brinde servicios legales, mientras está fuera de Puerto Rico, a un

cliente ubicado en Puerto Rico que solicite sus servicios con relación a un procedimiento potencial o pendiente en o fuera de Puerto Rico.

Las personas que no estén admitidas al ejercicio de la abogacía en Puerto Rico podrán actuar en los escenarios antes descritos, con relación a procedimientos potenciales o pendientes si tienen la creencia razonable de que serán admitidos por cortesía por este Tribunal, aun cuando eventualmente el procedimiento no se presente o se deniegue la admisión por cortesía.

6. El que una persona haya sido admitida por cortesía conforme a esta regla, o esté brindando servicios legales en Puerto Rico bajo cualquiera de las circunstancias previstas en los incisos que anteceden, no significa que está autorizada a representar a otra persona o hacer creer al público que está admitida al ejercicio de la abogacía en Puerto Rico.

7. Toda solicitud de admisión por cortesía deberá tramitarse completando y presentando en la Secretaría del Tribunal el formulario de Solicitud de Admisión por Cortesía, que se hace formar parte de esta Regla como anejo.

8. El Tribunal Supremo podrá revocar una admisión por cortesía por justa causa.

Esta enmienda entrará en vigor treinta días después de su aprobación y aplicará a todas las peticiones presentadas a partir de su fecha de efectividad. No obstante, los aspectos sustantivos de esta enmienda serán aplicables a todas las personas admitidas por cortesía por este Tribunal.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres emitió un Voto Particular de Conformidad, al que se une el Juez Asociado señor Feliberti Cintrón. El Juez Asociado señor Kolthoff Caraballo emitió la siguiente expresión:

"El Juez Asociado señor Kolthoff Caraballo está conforme con las enmiendas a la Regla 12 (f), excepto con la determinación de duplicar el costo de los sellos de rentas

internas a incluirse con cada solicitud de admisión por cortesía".

El Juez Asociado señor Estrella Martínez emitió un Voto particular de conformidad en parte y disidente en parte, al que se unieron la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Rivera García. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

Estado Libre Asociado de Puerto Rico
Tribunal General de Justicia
Tribunal Supremo de Puerto Rico

Ex parte

_____

MC-20___-___

Admisión por cortesía
Regla 12(f)
Reglamento del Tribunal Supremo de
Puerto Rico

## SOLICITUD DE ADMISIÓN POR CORTESÍA

### INFORMACIÓN DE LA PERSONA SOLICITANTE

Nombre:_____

Bufete:_____

Dirección postal:_____

Dirección física:_____

Teléfono:_____

Fax:_____

Correo electrónico:_____

### CASO O PROCEDIMIENTO

Provea la siguiente información relacionada al caso en el cual la persona solicitante desea ser admitida por cortesía.

Nombre de las partes:_____

Número del caso:_____

Foro:_____

Materia:_____

Parte a quien representa:_____

### JURISDICCIONES EN LAS QUE LA PERSONA SOLICITANTE HA SIDO ADMITIDA

Mencione todas las jurisdicciones de Estados Unidos de América en las cuales ha sido admitida a ejercer la práctica de la abogacía y adjunte los correspondientes certificados de *good standing* de cada una de ellas (emitidos dentro de los 90 días previos a la solicitud).

| Jurisdicción | Fecha de admisión | Número de licencia |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**SOLICITUDES PREVIAS DE ADMISIÓN POR CORTESÍA**

Provea la siguiente información en torno a las solicitudes de admisión por cortesía que ha presentado en el Tribunal Supremo de Puerto Rico en los pasados 2 años.

| Caso o procedimiento | Fecha de la solicitud | Determinación |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Provea la siguiente información si actualmente está admitido por cortesía en algún caso que no ha concluido y no se encuentra entre los enumerados anteriormente.

| Caso o procedimiento | Fecha de la solicitud | Determinación |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

De necesitar más espacio, si ha presentado cinco solicitudes en el último año o si actualmente está admitido por cortesía en cinco casos que todavía no han concluido, deberá incluir el anejo exigido por la Regla 12(f)(1).

¿Alguna jurisdicción estadounidense le ha negado admisión por cortesía dentro de los últimos cinco años?

☐     No

☐     Sí — Indique la jurisdicción y detalle las razones expuestas por la entidad encargada de admitir al ejercicio de la abogacía para negar su solicitud de admisión por cortesía. No se limite al espacio provisto, de necesitarlo, aneje una hoja adicional debidamente identificada y enumerada.

_____

_____

_____

**HISTORIAL DE PROCESOS DISCIPLINARIOS**

Conteste las siguientes preguntas. De contestar sí en alguna de ellas, explique. No se limite al espacio provisto, de necesitarlo, aneje una hoja adicional debidamente identificada y enumerada.

¿Alguna autoridad disciplinaria competente ha iniciado algún proceso disciplinario en su contra en cualquiera de las jurisdicciones a las que está admitido dentro de los últimos cinco años?

☐  No

☐  Sí (Explique)_____

¿Actualmente es objeto de algún procedimiento por alegada conducta antiética ante alguna jurisdicción?

□  No

□  Sí (Explique:  la agencia u organismo promovente, número del caso, las causas y el estado actual del procedimiento)

_____

_____

_____

¿Alguna vez ha sido disciplinado o suspendido de la práctica de la abogacía en alguna jurisdicción?

□  No

□  Sí (Explique: la agencia u organismo promovente, número del caso, las causas del procedimiento.)_____

_____

_____

## INFORMACIÓN DEL ABOGADO O DE LA ABOGADA ENDOSANTE

Provea la siguiente información en torno al abogado o a la abogada del foro puertorriqueño con quien se asociará para fines del caso o procedimiento para el cual solicita admisión.

Nombre:_____

Número del RÚA:_____

Bufete:_____

Dirección postal:_____

Dirección física:_____

Teléfono:_____

Fax:_____

Correo electrónico:_____

## SELLOS DE RENTAS INTERNAS

Identifique la opción que corresponda. Si solicita que se le exima del pago de sellos de rentas internas, deberá adjuntar el documento que lo acredite.

□  Se adjuntan sellos de rentas internas con valor de $800.00.

□  Se solicita que se exima del pago de sellos de rentas internas por tratarse de un caso pro bono.

□  Se solicita que se exima del pago por existir justa causa. (Adjunte una declaración en la cual acredite la existencia de justa causa para la exención.)

**CERTIFICACIÓN DE LA PERSONA SOLICITANTE**

**CERTIFICO QUE:**

1. Me someto a la jurisdicción disciplinaria del Tribunal Supremo de Puerto Rico y que asumo responsabilidad ante el o la cliente y el foro.
2. Estoy familiarizado con las reglas procesales y éticas del foro.
3. No estoy suspendido o desaforado de la práctica de la abogacía en ninguna jurisdicción
4. Actualizaré de manera continua la información aquí provista en caso de que varíe.
5. A mi mejor juicio, la información provista es cierta y correcta.

A ___ de _____ de 20___.

_____
Firma de la persona solicitante

_____
Número de licencia

**CERTIFICACIÓN DEL ABOGADO O DE LA ABOGADA ENDOSANTE**

**CERTIFICO QUE:**

1. Soy un abogado admitido o una abogada admitida y en *good standing* en Puerto Rico.
2. La persona solicitante está capacitada para postular como abogado o abogada en el caso correspondiente.
3. Consiento a que se me designe como abogado o abogada de récord del caso junto con la persona solicitante.
4. Asumo, junto a la persona solicitante, responsabilidad ante el o la cliente y el foro.
5. A mi mejor juicio, la información provista es cierta y correcta.

A ___ de _____ de 20___.

_____
Firma del abogado o de la abogada
endosante

_____
Número del RÚA

_____

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Enmienda a la Regla 12(f) del Reglamento del Tribunal Supremo sobre admisión por cortesía.

ER-2015-04

Voto Particular de Conformidad emitido por el Juez Asociado señor MARTÍNEZ TORRES al cual se unió el Juez Asociado señor FELIBERTI CINTRÓN.

En San Juan, Puerto Rico, a 23 de junio de 2015.

Voto conforme con las enmiendas a nuestro Reglamento para adoptar una nueva Regla 12(f) sobre admisión por cortesía. Con este cambio atemperamos nuestro ordenamiento a las realidades económicas y tecnológicas del Siglo XXI, en donde la práctica legal ha trascendido las fronteras para convertirse en una multijurisdiccional. Así, luego de un extenso proceso de discusión y análisis para llegar a un consenso, hemos adoptado gran parte de la *Regla Modelo sobre admisión pro hac vice* de la *American Bar Association*, atemperándola a nuestras decisiones.[2]

_____

[2] Véase, por ejemplo, nuestros pronunciamientos en In re Wolper, 189 DPR 292 (2013).

Como parte de ese consenso, los miembros de este Tribunal que participamos del proceso de elaboración de esta nueva Regla tuvimos que ceder en algunas de nuestras posturas. Así, por ejemplo, y a diferencia de cuando resolvimos Moylan, Ex parte, 190 DPR 646 (2014), en esta ocasión estoy de acuerdo con requerir expresamente los certificados de *good standing* de cada una de las jurisdicciones de Estados Unidos a las que está admitido el solicitante. Igualmente, aunque hubiese preferido otra cantidad más baja, en aras de colegir no tengo objeción al aumento al arancel que debe cancelarse junto con cada solicitud de admisión por cortesía. Este arancel es el equivalente del pago de una licencia, que se paga solo una vez por cada caso en contadas ocasiones. No estamos ante un arbitrio general al Pueblo. Por eso, no debemos unirnos al coro de "ni un impuesto más". Este podrá tener sentido en contextos específicos para ciertos sectores, pero no tiene cabida al evaluar el pago esporádico de un arancel por ciertas personas y no por el público a diario. Nuestra función al gobernar esta Rama no puede sujetarse a los estribillos de moda en el ámbito político. Eso es ajeno a nosotros. En cambio, nos guía la necesidad de allegar recursos a esta Rama sin afectar al Pueblo en general ni disminuir el acceso a la justicia.

Basado en ese principio, y a diferencia de la regla actual, la nueva Regla 12(f) autoriza a los solicitantes que brinden servicios legales pro bono o que demuestren justa causa, a solicitarnos una dispensa del pago

requerido. Más aún, la nueva regla exime de antemano del pago de aranceles las solicitudes de admisión por cortesía endosadas por múltiples instituciones dedicadas a brindar servicios legales gratuitos a indigentes. Por eso, no puede decirse que los intereses de los más vulnerables quedan desprotegidos con las enmiendas que hoy aprobamos.

Por otro lado, entre los principales cambios que se destacan de la nueva Regla 12(f), se encuentra el inciso cinco, el cual establece que ya no será necesario que una persona no admitida al ejercicio de la abogacía en Puerto Rico solicite admisión por cortesía (*pro hac vice*) bajo ciertos escenarios y en ciertas etapas, incluyendo la fase de preparación antes del inicio de un litigio. De esta forma, evitamos atender solicitudes de admisión por cortesía en escenarios que todavía no ameritan nuestra intervención y que no representan un riesgo mayor para el buen funcionamiento de la práctica legal en Puerto Rico.[3] Ahora bien, en aras de evitar falsas representaciones al público, se prohíbe expresamente que personas admitidas por cortesía o que se encuentran brindado servicios legales en este foro de forma limitada y según permitido por la nueva Regla, puedan representar o hacer creer al público que están admitidas al ejercicio de la abogacía en Puerto Rico.

Igualmente, esta nueva norma nos permitirá atender con mayor efectividad el gran volumen de solicitudes de admisión por cortesía presentadas ante nos. A diferencia de

---

[3] Así, codificamos los principios de In re Michel Prüss, 189 DPR 762 (2013).

la actual Regla 12(f), la que hoy adoptamos enumera expresamente todos y cada uno de los requisitos con los que deben cumplir las personas que interesen que se les conceda una admisión por cortesía en Puerto Rico. Para simplificar y agilizar aún más este proceso, hemos adoptado un formulario, en español e inglés, que incorpora todos los requisitos de la Regla 12(f) para solicitar admisión por cortesía en Puerto Rico.

La Secretaria del Tribunal se asegurará de que el formulario presentado esté debidamente completado. De ser así, concederá la admisión por cortesía solicitada. Esa delegación de nuestro poder inherente para admitir abogados a la práctica de la profesión en Puerto Rico a una funcionaria del Tribunal no es extraña a nuestro ordenamiento. Precisamente, hemos delegado a la Junta Examinadora de Aspirantes a la Abogacía y la Notaría administrar la reválida general y notarial, corregirlas y certificarnos los aspirantes que las han aprobado. Lo mismo sucede con la Comisión de Reputación, que se encarga de evaluar a los aspirantes que han aprobado la reválida general y certificarnos que estos poseen las cualidades morales para ser admitidos al ejercicio de la profesión. La única diferencia es que en este caso le delegamos a la Secretaria, una funcionaria del Tribunal, que se encargue de verificar que el formulario correspondiente haya sido debidamente completado conforme a los requisitos claros y específicos que contiene la Regla.

En aquellos casos en que, debido a la cantidad de solicitudes presentadas, se pueda entender que la persona en realidad se encuentra practicando la abogacía de forma regular en Puerto Rico, la Secretaria referirá el asunto al Pleno del Tribunal para nuestra consideración de acuerdo a los criterios enumerados en la Regla. El Tribunal en pleno también intervendrá en situaciones particulares que lo ameriten tales como problemas éticos, cuando una persona solicite una dispensa para el pago de aranceles por tratarse de un caso pro bono o por justa causa, entre otros escenarios.

De esa forma, agilizamos el proceso de forma responsable y a la misma vez atendemos la preocupación legítima de que se está desnaturalizando el carácter excepcional de las admisiones por cortesía por personas que en realidad desean dedicarse a practicar de forma recurrente y regular la abogacía en Puerto Rico, sin tomar la reválida general. Esta nueva Regla 12(f) evitará controversias innecesarias en la medida que establece un marco regulatorio claro y detallado que permite a las personas que deseen ser admitidas por cortesía conocer de antemano los términos y condiciones por los que se deben regir.

Rafael L. Martínez Torres
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:


Enmienda a la Regla 12(f) del
Reglamento del Tribunal Supremo          ER-2015-4
sobre admisión por cortesía


Voto particular de conformidad en parte y disidente en parte emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ al cual se unen la Jueza Asociada SEÑORA PABÓN CHARNECO y el Juez Asociado SEÑOR RIVERA GARCÍA

San Juan, Puerto Rico, a 23 de junio de 2015.

Esencialmente, estoy conforme con la mayoría de las enmiendas efectuadas a la Regla 12(f) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R. 12(f), y al Canon 33 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 33. No obstante, disiento de la determinación de duplicar el costo de los sellos de rentas internas que deben incluirse con la solicitud de admisión por cortesía. En ese sentido, y aunque me complace que el Tribunal haya acogido mi recomendación de eximir del pago del correspondiente arancel a entidades sin fines de lucro que proveen servicios legales a ciudadanos indigentes,

reitero los fundamentos conceptuales y de política pública judicial esgrimidos en mi Voto Particular Disidente emitido en el asunto *In re* Aprobación de los derechos arancelarios pagaderos a los(as) Secretarios(as), Alguaciles(as), y a otro personal de la Rama Judicial que ejerce funciones de recaudación, res. el 9 de marzo de 2015, 2015 TSPR 21, 192 DPR ___ (2015).

Con relación al aludido aumento, entiendo que no se puede perder de perspectiva que el mecanismo de admisión por cortesía no es utilizado exclusivamente por bufetes con amplios recursos económicos ni en casos que se ventilan ante la *Financial Industry Regulatory Authority* (FINRA), sino que en ocasiones promueve el acceso a la justicia en pleitos de clase, en los cuales organizaciones como Servicios Legales de Puerto Rico, Inc. están impedidas de ofrecer representación legal, y en otro tipo de reclamaciones que requieren el peritaje de profesionales admitidos en otras jurisdicciones para su efectiva resolución y acceso a la justicia de sectores vulnerables. Considero que en comparación al costo requerido para la admisión por cortesía en las jurisdicciones estatales de los Estados Unidos, el aumento aprobado es desmedido y, a todas luces, arbitrario. Ello, pues, la cuantía más frecuentemente requerida para ser admitido por cortesía en las jurisdicciones estadounidenses es de $250. *Véase* Informe: Análisis comparativo de la figura de admisión por cortesía o *pro*

*hac vice*, Secretariado de la Conferencia Judicial y Notarial, pág. 19. En vista de ello, me parece que no existen parámetros razonables para aumentar desproporcionalmente la cuantía de los sellos de rentas internas que deben incluirse en la solicitud de admisión por cortesía. Alguien con una lectura enajenada y aislada podría argumentar que le compete al solicitante la responsabilidad de pagar por tal concepto. Sin embargo, esa argumentación pierde de perspectiva que el Tribunal solicita el pago por cada caso en que participe el solicitante. En consecuencia, se debe reconocer que el impacto económico también se reflejará contra el cliente que contrata.

Por su parte, en cuanto a la determinación de delegarle a la Secretaría del Tribunal Supremo la facultad de conceder hasta un máximo de cinco solicitudes de admisión por cortesía por persona en un periodo de un año, considero que debe ser el Pleno del Tribunal el que tenga la facultad de conceder la admisión por cortesía solicitada. Entiendo que de esa forma el Tribunal descarga más responsable y eficientemente su función inherente de regular la práctica de la abogacía en esta jurisdicción. Con relación a ello, reitero que "el Tribunal Supremo de Puerto Rico es el foro con el poder inherente y exclusivo para admitir abogados a la práctica de la profesión". *In re* Peña Peña, 153 DPR 642, 649 (2001). Si bien es cierto que para ejercer ese poder el Tribunal tiene discreción de delegar algunas encomiendas, la adjudicación y

determinación en los méritos de admitir a un solicitante de otra jurisdicción no debería transferirse, ni siquiera temporeramente, a la Secretaría. Por ello, opino que el Pleno debe seguir atendiendo directamente estas solicitudes y no sobrecargar a la Secretaría del Tribunal en una encomienda tan sensitiva, a la luz de su actual realidad operacional. En consecuencia, sostengo que la intervención del Pleno en una sexta ocasión sencillamente podría ser muy tarde.


Luis F. Estrella Martínez
Juez Asociado