Donald Francis Winningham III, *Ex parte.*

*Número:* MC-2015-0261    *Resuelto:* 18 de diciembre de 2015

*Donald Francis Winningham III*, abogado solicitante; *Roberto C. Quiñones Rivera*, abogado endosante, y *Edwin E. León Pérez*, de *McConnell Valdés LLC*, abogado de Donald Francis Winningham III.

## RESOLUCIÓN

Examinada la *Solicitud de admisión por cortesía* presentada por el Lcdo. Donald Francis Winningham III y en-

dosada por el Lcdo. Roberto C. Quiñones Rivera, *concedemos su admisión a tenor de la Regla 12(f) de nuestro Reglamento, In re Enmda. R. 12(f) Reglamento TS, 193 DPR 321 (2015), para postular ante la Financial Industry Regulatory Authority en el caso de arbitraje Carmen N. Cordero Rosado v. UBS Financial Services Incorporated of Puerto Rico, FINRA Núm. 14-01317.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta Señora Fiol Matta y la Jueza Asociada Oronoz Rodríguez proveerían "no ha lugar" a la solicitud presentada. El Juez Asociado Señor Estrella Martínez emitió un voto particular disidente. La Juez Asociada Señora Rodríguez Rodríguez y la Jueza Asociada Señora Pabón Charneco no intervienen.

(*Fdo.*) Aida Ileana Oquendo Graulau
*Secretaria del Tribunal Supremo*

— O —

Voto particular disidente emitido por el Juez Asociado Señor Estrella Martínez.

El poder inherente que ejercemos contra los abogados y abogadas del patio que incumplen con las normas para postular en nuestra jurisdicción, hoy se empolva debajo de una alfombra para brindarle un trato preferencial a un abogado de otra jurisdicción en la concesión de una solicitud de admisión por cortesía. Ello a pesar de que la presente solicitud no cumple con los requisitos dispuestos en la recién enmendada Regla 12(f) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B. Veamos.

Contrario al dictamen que se emite, sostengo que procede declarar "no ha lugar" a las solicitudes de admisión por cortesía presentadas por el abogado Donald F. Win-

ningham III (Winningham)(¹) para postular en nuestra jurisdicción, ya que éstas no cumplen a cabalidad con la Regla 12(f) del Reglamento de este Tribunal, *supra.* Específicamente, el abogado Winningham no unió a sus solicitudes los certificados expedidos por todas las jurisdicciones de Estados Unidos en las cuales está admitido, conforme lo dispone de forma diáfana la aludida disposición reglamentaria. Véase *In re Enmda. R. 12(f) Reglamento TS*, 193 DPR 321 (2015).

Es decir, el peticionario solo anejó copia del certificado expedido por la Corte Suprema de Alabama, pero no presentó copia del certificado de la Corte Suprema de Mississippi donde también está admitido. Es más, en sus solicitudes el abogado, Winningham certifica con su firma que está admitido únicamente en el estado de Alabama, cuando de una búsqueda responsable en la página electrónica del bufete donde labora, así como en los registros electrónicos de la Corte Suprema de Mississippi, surge que también está admitido en esta última jurisdicción.(²) Véase https://courts.ms.gov/.

Ante el cuadro descrito, a todas luces procedía declarar "no ha lugar" las solicitudes de admisión por cortesía presentadas por el abogado Winningham. Empero, una Mayoría de este Tribunal decidió pasar por alto el requisito dispuesto en la Regla 12(f) de nuestro Reglamento, *supra,* y admitir por cortesía al peticionario a nuestra jurisdicción a pesar de su incumplimiento con la regla que recién aprobamos.

La alfombra se extiende al punto de ni siquiera requerir al abogado Winningham que mostrara causa por la cual

---

(¹) El abogado Donald F. Winningham III labora en el bufete Bressler, Amery & Ross, P.C.

(²) El poder inherente para regular la profesión de la abogacía y admitir personas para practicarla en nuestra jurisdicción no debe ejercerse ciegamente. Esa responsabilidad conlleva ser meticulosos en el examen del cumplimiento de los requisitos que nosotros mismos aprobamos. Para ello, contamos con valiosos recursos electrónicos provistos por otras jurisdicciones estatales hermanas similares a nuestro Registro Único de Abogados y Abogadas (RUA).

este Tribunal no debía ejercer su función disciplinaria, por haber certificado en sus solicitudes que solo está admitido a la práctica de la abogacía en el estado de Alabama. Adviértase que el peticionario ya ha sido admitido por cortesía a postular en otros casos ante nuestra jurisdicción, por lo que está sometido, conforme la Regla 12(f), a la jurisdicción disciplinaria de este Tribunal y tiene el deber de actualizar de forma continua la información provista en las solicitudes que presente. *In re Enmda. R. 12(f) Reglamento TS*, supra.

La autorización que hoy se concede contrasta marcadamente con las barreras que enfrentan día a día sectores vulnerables que tocan las puertas de nuestro sistema judicial por derecho propio. Tampoco le otorgamos este trato privilegiado a los abogados y las abogadas locales. El contraste, sencillamente, es evidente.

Convencido de que este Tribunal debe descargar su poder inherente de regular el ejercicio de la abogacía y, por ende, no admitir abogados y abogadas —tanto de este foro como de otros— que no cumplen con los requisitos que hemos establecido para poder postular en nuestra jurisdicción, disiento del proceder de una Mayoría de este Tribunal.