EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Donald Francis Winningham III | 2015 TSPR 168<br><br>194 DPR \_\_\_\_ |

Número del Caso: MC-2015-261
                 MC-2015-263


Fecha: 18 de diciembre de 2015


Abogado del Peticionario:

        Lcdo. Roberto C. Quiñones Rivera


Materia: Admisión por cortesía bajo la Regla 12 (f) del Tribunal Supremo.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex Parte

MC-2015-0261

Donald Francis Winningham III

Admisión por
Cortesía

RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de diciembre de 2015.

Examinada la *Solicitud de Admisión por Cortesía* presentada por el Lcdo. Donald Francis Winningham III y endosada por el Lcdo. Roberto C. Quiñones Rivera, concedemos su admisión a tenor de la Regla 12(f) de nuestro Reglamento, 2015 TSPR 82, 193 DPR ___ (2015), para postular ante la *Financial Industry Regulatory Authority* en el caso de arbitraje Mary Jo Schwab Espasas and Espasas-Schwab Family Trust v. UBS Financial Services of Puerto Rico; UBS Financial Services, Inc.; Carlos Ubinas; Doel García, and Rafael E. Rivera, FINRA Núm. 14-03442.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta señora Fiol Matta y la Jueza Asociada Oronoz Rodríguez proveerían no ha lugar a la solicitud presentada. El Juez Asociado señor Estrella Martínez emitió un voto particular disidente. La Juez Asociada señora Rodríguez Rodríguez y la Jueza Asociada señora Pabón Charneco no intervienen.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex Parte

MC-2015-0263

Donald Francis Winningham III                    Admisión por
                                                 Cortesía

RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de diciembre de 2015.

Examinada la *Solicitud de Admisión por Cortesía* presentada por el Lcdo. Donald Francis Winningham III y endosada por el Lcdo. Roberto C. Quiñones Rivera, concedemos su admisión a tenor de la Regla 12(f) de nuestro Reglamento, 2015 TSPR 82, 193 DPR ___ (2015), para postular ante la *Financial Industry Regulatory Authority* en el caso de arbitraje Carmen N. Cordero Rosado v. UBS Financial Services Incorporated of Puerto Rico, FINRA Núm. 14-01317.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta señora Fiol Matta y la Jueza Asociada Oronoz Rodríguez proveerían no ha lugar a la solicitud presentada. El Juez Asociado señor Estrella Martínez emitió un voto particular disidente. La Juez Asociada señora Rodríguez Rodríguez y la Jueza Asociada señora Pabón Charneco no intervienen.


                    Aida Ileana Oquendo Graulau
                  Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex parte:


Donald F. Winningham III       MC-2015-261
                              MC-2015-263


Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ


San Juan, Puerto Rico, a 18 de diciembre de 2015.

El poder inherente que ejercemos contra los abogados y abogadas del patio que incumplen las normas para postular en nuestra jurisdicción, hoy se empolva debajo de una alfombra para brindarle un trato preferencial a un abogado de otra jurisdicción en la concesión de una solicitud de admisión por cortesía. Ello, a pesar de que la presente solicitud no cumple con los requisitos dispuestos en la recién enmendada Regla 12(f) del Reglamento de este Tribunal. Veamos.

Contrario al dictamen que se emite, sostengo que procede declarar no ha lugar a las solicitudes

de admisión por cortesía presentadas por el abogado Donald F. Winningham III (Winningham)[1] para postular en nuestra jurisdicción, ya que éstas no cumplen a cabalidad con la Regla 12(f) del Reglamento de este Tribunal. Específicamente, el abogado Winningham no unió a sus solicitudes los certificados expedidos por todas las jurisdicciones de los Estados Unidos en las cuales está admitido, conforme lo dispone de forma diáfana la aludida disposición reglamentaria. *Véase* In re: Enmienda a la Regla 12(f) del Reglamento del Tribunal Supremo sobre admisión por cortesía, res. el 23 de junio de 2015, 2015 TSPR 82, 193 DPR ___ (2015).

Es decir, el peticionario solo anejó copia del certificado expedido por la Corte Suprema de Alabama, pero no presentó copia del certificado de la Corte Suprema de Mississippi donde también está admitido. Es más, en sus solicitudes el abogado Winningham certifica con su firma que está admitido únicamente en el estado de Alabama cuando de una búsqueda responsable en la página electrónica del bufete donde labora, así como en los registros electrónicos de la Corte Suprema de Mississippi, se desprende que también está admitido a esta última jurisdicción.[2] *Véase* https://courts.ms.gov/.

---

[1] El abogado Donald F. Winningham III labora en el bufete Bressler, Amery & Ross, P.C.

[2] El poder inherente para regular la profesión de la abogacía y admitir personas para practicarla en nuestra jurisdicción no debe ejercerse ciegamente. Esa responsabilidad conlleva ser meticulosos en el examen

Ante el cuadro descrito, a todas luces procedía declarar no ha lugar las solicitudes de admisión por cortesía presentadas por el abogado Winningham. Empero, una Mayoría de este Tribunal decidió pasar por alto el requisito dispuesto en la Regla 12(f) y admitir por cortesía al peticionario a nuestra jurisdicción, a pesar de su incumplimiento con la regla que recién aprobamos.

La alfombra se extiende al punto de ni siquiera requerirle al abogado Winningham que mostrara causa por la cual este Tribunal no debía ejercer su función disciplinaria, por motivo de certificar en sus solicitudes que solo está admitido a la práctica de la abogacía en el estado de Alabama. Adviértase que el peticionario ya ha sido admitido por cortesía a postular en otros casos ante nuestra jurisdicción por lo que, conforme la Regla 12(f), está sometido a la jurisdicción disciplinaria de este Tribunal y tiene el deber de actualizar de forma continua la información provista en las solicitudes que presente. *Véase* In re: Enmienda a la Regla 12(f) del Reglamento del Tribunal Supremo sobre admisión por cortesía, res. el 23 de junio de 2015, 2015 TSPR 82, 193 DPR ___ (2015).

La autorización que hoy se concede contrasta marcadamente con las barreras que enfrentan día a día

---

del cumplimiento de los requisitos que nosotros mismos aprobamos. Para ello, contamos con valiosos recursos electrónicos provistos por otras jurisdicciones estatales hermanas, similares a nuestro Registro Único de Abogados y Abogadas (RUA).

sectores vulnerables que tocan las puertas de nuestro sistema judicial por derecho propio. Tampoco le otorgamos este trato privilegiado a los abogados y abogadas locales. El contraste, sencillamente, es evidente.

Convencido de que este Tribunal debe descargar su poder inherente de regular el ejercicio de la abogacía y, por ende, no admitir abogados y abogadas –tanto de este foro como de otros- que no cumplen con los requisitos que hemos establecido para poder postular en nuestra jurisdicción, disiento del proceder de una Mayoría de este Tribunal.

Luis F. Estrella Martínez
Juez Asociado